This cause was first, decided May 23, 1898, in favor of the United States, on proofs substantially showing that the postmaster at San Francisco put into effect a new schedule September 5, 1888, under which carrier service was limited to eight hours each day. But the carriers were dissatisfied because it extended their period of service over a greater number of hours and because they could not utilize the intervals between deliveries as well as under the old schedule, in consequence of which they requested that the old schedule be continued. Upon being informed that this could not be done unless the carriers waived their claims for excess of time the carriers met and passed a resolution requesting that the old schedule be continued, upon which they made the waiver, stating that the new schedule would work a hardship on them and would not give service as satisfactory to the public as under the old schedule. Copies of the resolution for that purpose were signed by all of them with the exception of a few carriers who were sick and absent from the meeting, and on this the old schedule was continued. Subsequently the carriers brought their action for the extra pay under the schedule which they had invoked for their benefit. The court decided that the right to extra pay for overtime depended upon employment by the postmaster; and, being a matter of contract, the carriers could waive a *604 claim for the difference, inasmuch as the carriers had voluntarily signed an agreement - for their own benefit by which ■ference in pay. Numerous petitions were dismissed under this decision (33 C. Cls., 417). Subsequently, March 5, 1900, the court reached a different conclusion from that reached on the original trial on the same state of facts and allowed the claims amounting in the aggregate to about $80,000. No appeal was taken by the Assistant Attorney-General. Howry, J., dissented from the latter opinions (35 C. Cls., 223) and adhered to his former decision for reasons appearing in a separate opinion. Inasmuch as the case has been frequently referred to in argument since then the dissenting opinion omitted from the published report of the cause at the time is herewith published.