HowRY, Judge,
concurring:
If the only question here involved was the moral right of this officer to take pay from the Government whilst availing himself of opportunity for business and pleasure of his own by an agreement to waive his Government pay, the officer would have no case appealing to the sense of right of any fair-minded man. In the legal phase of the matter the courts have gone so far in excluding defenses involving ■ waiver of compensation it must be conceded there is doubt as to the validity of the waiver. The result is so evidently just, however, it is a case where the doubt should be resolved against a person who preferred attention to his own affairs rather than resume his official duties. For this reason I concur.
There was no requirement put upon the officer by the President to waive compensation except as such waiver gave the officer a full, higher, and better consideration from the officer’s point of view. The circumstances do not make for the officer a different case than was made by the letter carriers of San Francisco for themselves.
It appears from the present opinion that the letter carriers of San Francisco were required to sign a paper waiving all right to overpay under the eight-hour law. The record shows that the letter carriers over their signature requested the postmaster not to put the eight hours of continuous service in force because they would lose time if he did on account of the “ swings ” they had to make in distributing and collecting mail. Properly enough the postmaster, for his protection, required waiver of compensation where the letter carriers were receiving compensation in time and a higher and better consideration by their own request. This court ¡ unanimously thought that the letter carriers could properly 1 waive and were not entitled to public compensation because the old schedule was continued in force for their exclusive benefit. Rush et al v. United States, 33 C. Cls. R., 417. Subsequently the majority of the court reversed the first decision. 35 C. Cls. K., 223. I did not join in the reversal' of the court’s first action for reasons which appear in the appendix in one of the volumes of our reports. 45 C. Cls. *56 R., 604. This action of the court in the cases of the letter carriers mentioned is adverted to only for the purpose of saying that where common fair dealing is at stake and Government officers are misled a waiver of compensation should be enforced, except where there is a positive command by some statute forbidding the enforcement. There was no requirement put upon the letter carriers any more than there was a “ requirement ” put upon this officer.